**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 20-2378

TREMAYNE A. POWELL,

      Plaintiff - Appellant,

   v.

BISCUITVILLE, INC.,

      Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior District Judge.  (6:19-cv-00080-NKM-RSB)

Submitted:  June 4, 2021                    Decided:  June 15, 2021

Before GREGORY, Chief Judge, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tremayne A. Powell, Appellant Pro Se.  Dena Beth Langley, Greensboro, North Carolina, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tremayne A. Powell appeals from the district court's order granting summary judgment to Biscuitville in Powell's employment discrimination suit alleging retaliation. The district court ruled that Biscuitville provided legitimate, non-retaliatory reasons for Powell's termination and Powell failed to show that these reasons were pretextual. Powell timely appealed.

This court "review[s] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, this court "view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

A plaintiff may demonstrate retaliation through either direct evidence of retaliation or through the *McDonnell Douglas* pretext framework. *Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 717 (4th Cir. 2013). Under *McDonnell Douglas*, to establish a prima facie case of

retaliation, a plaintiff is required to "show (1) that []he engaged in protected activity; (2) that h[is] employer took an adverse action against h[im]; and (3) that a causal connection existed between the adverse activity and the protected action." *Jacobs*, 780 F.3d at 578 (brackets and internal quotation marks omitted). If the plaintiff "establish[es] a prima facie case, the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for the adverse employment action." *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223 (4th Cir. 2019). The burden then shifts back to the plaintiff to "demonstrate that the [employer's] proffered reason is pretextual." *Id.*

In his informal brief on appeal, Powell continues to deny all allegations of misconduct, and he asserts that he has shown a prima facie case of discrimination.[1] However, the district court assumed that Powell had made a prima facie case of discrimination but concluded that Biscuitville had provided legitimate, nonretaliatory reasons for Powell's termination. Although the district court ruled that these reasons (cursing, insubordination, threats) were uncontroverted, Powell asserted in district court and again on appeal that all the allegations of his misconduct were fabricated as pretext for Biscuitville's retaliatory actions. Powell asserts that any failings in his initial complaints should have been fleshed out by Biscuitville's investigation.

---

[1] Powell asserts that he was retaliated against on February 1 and 5, 2019, by being yelled at and/or sent home in response to his complaints of discrimination. He also claims that he was retaliated against on February 7 when he was told not to come to work until human resources had investigated the situation. Finally, he argues that his termination was retaliation for his EEOC complaint.

First, the fact that Biscuitville's investigation may not have been as thorough as Powell would have liked does not establish pretext, so long as the investigation was not "obviously inadequate." *Villa v. CavaMezze Grill, LLC,* 858 F.3d 896, 905 (4th Cir. 2017). While Powell asserts that Biscuitville failed to clarify his complaints of workplace discrimination, it is undisputed that Biscuitville spoke to and/or received statements from numerous employees. In addition, Powell admits that human resources spoke with him both about his allegations and the complaints against him. Powell does not assert what Biscuitville should have done that it did not do, and even on appeal, Powell does not provide any details supporting cognizable claims of sex, age, or race discrimination that could be investigated.[2]

Moreover, in determining whether Powell engaged in the misconduct, "[i]t is the perception of the decision maker which is relevant." *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 960-61 (4th Cir. 1996) (internal quotation marks omitted) (noting that "unsubstantiated allegations and bald assertions" fail to show pretext). Here, Biscuitville had to choose between Powell's denials and numerous employees' statements that Powell's behavior was improper. Given the consistency and number of complaints against Powell and Powell's failure to provide Biscuitville with any corroboration of his claims, we find that Biscuitville's decision to terminate Powell does not demonstrate pretext and that

---

[2] Powell's complaints to Biscuitville alleged that he had been treated differently than other employees but did not allege that he was treated differently based on a protected characteristic. Moreover, Powell did not provide the sex, race, or age of any other employees or any other facts from which Biscuitville could have discerned that he was alleging unlawful discrimination.

4

Powell has failed to raise a material issue of fact in that regard. *See Villa*, 858 F.3d at 903 ("If [plaintiff] was fired for misconduct []he did not actually engage in, that is unfortunate, but a good-faith factual mistake is not the stuff of which Title VII violations are made."). Finally, Powell has failed to produce evidence that Biscuitville's preliminary actions of sending him home early and cancelling his shifts was pretextual in light of the fact that it is undisputed that other employees complained about him and expressed a fear for their safety. Whether the employees' complaints were true or false, Biscuitville reasonably took preliminary action to protect their employees and their property. Accordingly, we find that the district court did not err in rejecting Powell's retaliation claims.

As such, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5